J-S45026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDRE VANCLIFF | : | |
| | : | |
| Appellant | : | No. 693 MDA 2023 |

Appeal from the PCRA Order Entered January 25, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001831-2013

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED: MARCH 11, 2024**

Andre Vancliff appeals, *pro se* and *nunc pro tunc*, from the order, entered in the Court of Common Pleas of Luzerne County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Because Vancliff failed to timely appeal from the order dismissing his second PCRA petition, we quash.

On July 21, 2014, Vancliff entered a *nolo contendere* plea to one count of conspiracy-corruption of minors (F3).[1]  That same day, he was sentenced to a term of 42 to 84 months in prison and a $15,000.00 fine.  Vancliff filed a direct appeal to this Court, and we affirmed his judgment of sentence.  ***See***

_____

[*] Former Justice specially assigned to the Superior Court

[1] 18 Pa.C.S.A. § 903.

***Commonwealth v. Vancliff***, 122 A.3d 447 (Pa. Super. 2015) (Table). Vancliff filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which the Court denied on October 14, 2015. ***See id.***, 125 A.3d 1201 (Pa. 2015) (Table).

On September 19, 2016, Vancliff filed a, *pro se*, PCRA petition, his first, which the PCRA court denied after a hearing. Vancliff's counsel filed a notice of appeal, and this Court affirmed. ***See id.***, 190 A.3d 676 (Pa. Super. 2018) (Table). Vancliff subsequently filed a petition for allowance of appeal, and on September 11, 2018, the Supreme Court of Pennsylvania denied his petition. ***See id.***, 193 A.3d 888 (Pa. 2018) (Table).

On August 17, 2022, Vancliff filed his second PCRA petition, more than one year from the date his judgment of sentence became final.[3] On December 8, 2022, the court filed notice of its intent to dismiss Vancliff's PCRA petition, pursuant to Pa.R.Crim.P. 907, and, on December 30, 2022, Vancliff filed a

---

[3] The Pennsylvania Supreme Court denied Vancliff's petition for allowance of appeal on October 14, 2015. Vancliff did not file a writ of certiorari in the United States Supreme Court and, consequently, his judgment of sentence became final on January 12, 2016. ***See*** Sup.Ct.R. 13; ***see also*** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review, including discretionary review in Supreme Court of United States and Supreme Court of Pennsylvania, or at expiration of time for seeking review). Consequently, Vancliff had until January 12, 2017, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (any PCRA petition "shall be filed within one year of the date the judgment becomes final").

response. On January 25, 2023, the PCRA Court dismissed Vancliff's second PCRA petition. Vancliff did not file a notice of appeal.

On March 22, 2023, Vancliff filed another PCRA petition, his third, styled as a "Post Conviction Petition With Consolidated Memorandum Of Law," in which he requested that his collateral appeal rights be reinstated *nunc pro tunc*. On April 14, 2023, the PCRA court granted Vancliff's petition and reinstated Vancliff's collateral appeal rights *nunc pro tunc*. On May 9, 2023, Vancliff filed the instant notice of appeal, *nunc pro tunc*, from the January 25, 2023 order dismissing his second PCRA petition. The trial court and Vancliff subsequently complied with Pa.R.A.P. 1925(b).

Prior to addressing Vancliff's claims, we must first determine whether the PCRA court had jurisdiction to entertain Vancliff's March 22, 2023 PCRA petition requesting *nunc pro tunc* relief. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (this Court lacks jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*); **see also Commonwealth v. Fairiror**, 809 A.2d 396, 397 (Pa. Super. 2002) (PCRA petitioner's request for *nunc pro tunc* reinstatement of appellate rights was required to be considered PCRA petition and was subject to one-year filing deadline in 42 Pa.C.S.A. § 9545(b)(1)). For the reasons that follow, we conclude that the PCRA lacked jurisdiction to reinstate Vancliff's appellate rights *nunc pro tunc*.

3

The PCRA encompasses all forms of collateral relief to the extent a remedy is available. *See* 42 Pa.C.S.A. § 9542; *see also Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) ("[B]y its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief."). In *Hall* and *Commonwealth v. Lantzy*, 736 A.2d 564, 568-69 (Pa. 1999), our Supreme Court held that any request for reinstatement of appellate rights, such as PCRA appellate rights, is considered a PCRA petition and shall meet the timeliness requirements of the PCRA. *See Hall*, *supra* (PCRA provides sole means for obtaining collateral relief); *Lantzy*, *supra* (PCRA petitioners have no right to appeal *nunc pro tunc* outside of PCRA); *see also Fairiror*, *supra*. Consequently, Vancliff's March 22, 2023 motion to reinstate his appellate rights *nunc pro tunc* is properly construed as a PCRA petition, his third, and is subject to the timeliness requirements of the PCRA.

Moreover, the PCRA provides that "any petition . . ., including second or subsequent petitions [,] shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). As noted *supra*, Vancliff's judgment of sentence became final on January 12, 2016, when the 90-day period for seeking review in the United States Supreme Court expired. *See* Sup.Ct.R. 13. Therefore, Vancliff had until January 12, 2017, to file a timely PCRA

petition. Vancliff's March 22, 2023, PCRA petition was filed at least five years after his judgment of sentence became final and, therefore, is patently untimely.

However, under section 9545(b)(1), an untimely PCRA petition may be reviewed when a petitioner pleads and proves one of three exceptions at 42 Pa.C.S.A. §§ 9545(b)(i)-(iii). These three exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* "Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Instantly, Vancliff failed to invoke any of the timeliness exceptions set forth in subsection 9545(b)(1), and, therefore, his March 22, 2023 petition was untimely. *See Spotz*, *supra*. Consequently, the PCRA court did not have jurisdiction to grant Vancliff relief in the form of reinstatement of his appellate rights *nunc pro tunc*. *See Fairiror, supra*; *see also Commonwealth v.*

5

***Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (PCRA court has no jurisdiction to hear untimely petition).  Accordingly, the PCRA court's April 14, 2023, order reinstating Vancliff's appellate rights *nunc pro tunc* is a legal nullity.

Thus, it follows that Vancliff's notice of appeal, filed on May 9, 2023, and purporting to appeal from the PCRA court's January 25, 2023 order dismissing his second PCRA petition, is facially untimely.  **See** Pa.R.A.P. 903(a).  Vancliff had 30 days, or until February 24, 2023, to appeal from the PCRA court's January 25, 2023 order.  Nevertheless, Vancliff did not appeal until May 9, 2023.  Therefore, Vancliff's notice of appeal is untimely.  **See** Pa.R.A.P. 903.  Accordingly, we quash Vancliff's appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/11/2024